# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH K. WILLIAMS** | : | |
| | : | **CIVIL ACTION NO. 1:CV-03-2339** |
| Plaintiff | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| | : | |
| **CITY OF HARRISBURG, et al.** | : | |
| | : | |
| Defendants | : | |

## ORDER

This matter comes before the Court by way of Plaintiff's "Request to Add Additional Witnesses." (Doc. No. 96.) Plaintiff is a member of the Harrisburg Fire Department and a former member of two urban task forces, Harrisburg Rescue One and the Pennsylvania Rescue Task Force One. After his deployment to New York City in response to the September 11, 2001 attacks, Plaintiff was removed from the task forces, but not terminated from his job as city firefighter. Plaintiff, an African-American, alleges that he was removed from the task forces because of racial discrimination, in violation of Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. § 2000(3), et seq., Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 955, and City of Harrisburg Ordinance 105.1(1).

Plaintiff initiated this action on December 22, 2003 and was represented by Attorney Timothy Hough during most of the litigation. The parties conducted discovery and litigated multiple dispositive motions. On December 20, 2005, the Court held a pretrial conference and set trial for January 18, 2006. (Doc. Nos. 77-78.) Ten days before trial, Mr. Hough filed a motion to withdraw as counsel, which the Court granted. (Doc. Nos. 79, 81.) On January 18, 2006, the Court held a status conference during which Plaintiff requested time to find

replacement counsel.  Over the next four months, the Court rescheduled the trial date three times as Plaintiff unsuccessfully attempted to retain new counsel.

During a status conference on May 4, 2006, Plaintiff represented that he was prepared to proceed to trial without counsel.  The Court set the case for trial on August 1, 2006 and held a second pretrial conference on July 14, 2006.  (Doc. No. 92.)  During that conference, the Court asked Plaintiff for a list of the individuals he planned to call as fact witnesses during trial.  Plaintiff provided the Court with five names, each of whom were previously identified as Pennsylvania Task Force One members in Plaintiff's May 28, 2004 Case Management Plan.

On July 28, 2006, Plaintiff requested a continuance due to severe back pain.  The Court granted the continuance and rescheduled trial for August 28, 2006.

On August 7, 2006, Plaintiff requested permission to add 26 previously undisclosed individuals to his witness list.  Plaintiff's proposed witness list consists of the following categories of witnesses: firefighters who had worked with Plaintiff during the New York city deployment; firefighters who had not worked directly with Plaintiff during the deployment; union officials; and members of Plaintiff's family.  None of these individuals were identified in Plaintiff's Case Management Plan or during either pretrial conference.  Defendants object to Plaintiff's request, arguing that this sudden disclosure 11 days before trial amounts to "trial by ambush."  (Doc. No. 97.)  On August 11, 2006, the Court conducted a telephone conference at which counsel for Defendants and Plaintiff argued the relevance of the proposed testimony and whether the late disclosure of the witnesses by Plaintiff warrants their exclusion.

Federal Rule of Civil Procedure 26(a)(1) provides for self-executing initial disclosure statements and Rule 26(a)(3)(A) requires disclosure of "the name . . . of each witness, separately

identifying those whom the party expects to present and those whom the party may call if the need arises. . . . made at least 30 days before trial." Fed. R. Civ. P. 26.[1]  A party who fails to disclose information required by Rule 26(a) "shall not, unless such failure is harmless, be permitted to use as evidence at trial . . . ." Fed. R. Civ. P. 37(c)(1).  Rule 37 is written in mandatory terms, and "is designed to provide a strong inducement for disclosure of Rule 26(a) material." Newman v. GHS Osteopathic, 60 F.3d 153, 155-156 (3d Cir. 1995).  Nevertheless, the rule expressly provides that sanctions should not be imposed if substantial justification exists for the failure to disclose, or if the failure to disclose was harmless.  Newman, 60 F.3d at 156.  Trial courts are afforded wide discretion in making rulings on the admissibility of evidence. Hurley v. Atlantic City Police Dep't., 174 F.3d 95, 110 (3d Cir. 1999).

Moreover, the Third Circuit cautions that the "exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 904 (3d Cir. 1977).  When deciding whether to exclude evidence for violation of the disclosure requirement, trial courts are to consider the following factors: (1) the importance of the evidence; (2) the prejudice in fact of the party against whom the excluded witnesses would have testified; (3) the ability of that party to cure the prejudice; (4) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case; and (5) bad faith or wilfulness in failing to

---

[1] As explained by the Advisory Committee Notes, subsections (a)(1) and (a)(3) are intended to be complementary rather than duplicative: "The rule requires all parties (1) early in the case to exchange information regarding potential witnesses, documentary evidence, damages, and insurance . . . and (3) as the trial date approaches to identify the particular evidence that may be offered at trial." Rule 26 Advisory Committee Notes.

...

comply with the court's order. Quinn v. Cons. Freightways Corp., 283 F.3d 572, 577 (3d Cir. 2002). "'[T]he effects of blanket evidentiary exclusions can be especially damaging in employment discrimination cases, in which plaintiffs must face the difficult task of persuading the fact-finder to disbelieve an employer's account of his own motives.'" Id. at 578 (quoting Estes v. Dick Smith Ford, Inc., 856 F.2d 1097, 1103 (8th Cir. 1988)).

     Plaintiff offers four categories of additional witnesses. The first, which includes Bob Macaa, Kelvin Seigle, Steve Rosito, and Tom Hoerner, consists of firefighters identified by Plaintiff to establish that Plaintiff's job performance was satisfactory. This testimony is relevant because throughout this litigation, the City of Harrisburg has consistently maintained that Plaintiff was removed because of his poor performance during the deployment of the task force to New York city following the events of September 11, 2001. However, during the August 11, 2006 hearing, Plaintiff represented to the Court that none of the proposed additional witnesses had actually worked with him while in New York, as none of these individuals had worked in the same logistic section as Plaintiff. Plaintiff modified his request for additional witnesses on the performance issue to these four additional witnesses. These witnesses are relevant and critical to the presentation of Plaintiff's case.

     The second category of proposed additional witnesses is that of union officials. Plaintiff seeks to counter Defendants' allegations that he declined to appear at a disciplinary hearing. The testimony is relevant because Defendants cite his failure to appear at the disciplinary hearing as a cause for its job action.

     The third category of proposed additional witnesses consists of his ex-wife, his two sons, and his uncle. Plaintiff represents that his family members will testify about how the task force

separation affected him.  This testimony is relevant as it goes to Plaintiff's alleged damages.

Because of the importance of such evidence to Plaintiff's case, the Court is constrained to allow Plaintiff to call these witnesses notwithstanding the lateness of the disclosure.  Plaintiff is pro se and the Court finds no indication of a bad faith intent to prejudice Defendants.  Moreover, the prejudice to Defendants can be cured by postponing trial and allowing for a limited discovery of these witnesses.  Defendants will be allowed to refile motions in limine to exclude the testimony of these witnesses if discovery reveals that the evidence is inadmissable for other reasons.

Finally, Plaintiff seeks to offer the testimony of Harrisburg firefighters who did not work with Plaintiff during the New York deployment.  Plaintiff represented that these 13 individuals can only testify regarding his general performance as a firefighter but not regarding the alleged deficiencies that caused Defendants to remove him from the task force.  Moreover, Plaintiff's original witness list already contains the names of seven Harrisburg firefighters who can testify on this issue. (Doc. No. 35 at 9.)  During the August 11, 2006 hearing, Plaintiff conceded that the testimony of these 13 new individuals would be duplicative of the testimony of some of the individuals already listed.  Accordingly, even if the Court excused the late disclosure of these witnesses, their testimony would be unnecessarily cumulative and would not be admissible at trial.  Fed. R. Evid. 403.

**AND NOW**, for the reasons discussed above, **IT IS ORDERED THAT** the August 28, 2006 trial date in the above-captioned case is **CANCELLED**.  **IT IS FURTHER ORDERED THAT,** as directed by the Court at conference on August 11, 2006, Plaintiff shall provide defense counsel and the Court with a reduced witness list based upon this Order on or before

August 18, 2006. On or before August 25, 2006, Defendants shall propose a modified schedule taking into account the amount of time necessary to interview and/or depose the individuals on Plaintiff's new witness list. A telephone conference is scheduled for August 28, 2006 at 9:30 to set a new trial date. The telephone number of the Court is 717-221-3990. Defendants' counsel shall initiate the call.

          S/ Yvette Kane
          Yvette Kane
          United States District Judge

Dated: August 17, 2006